[Sloss-Sheffield Steel & Iron Co. v. Smith.]

# Sloss-Sheffield Steel & Iron Co. *v.* Smith.

## *Injury to Servant.*

(Decided January 14, 1914.   64 South. 337.)

1. *Master and Servant; Injury to Servant; Assumption of Risk.*—Merely because he knew the work to be dangerous, a servant cannot be held guilty of negligence in continuing in the employment, unless the danger is of such a degree as would ordinarily deter one of ordinary prudence from undertaking it.

2. *Same; Pleading; Facilities.*—Where the action was for injury to a servant and the negligence relied on was the negligent failure of the master to furnish competent fellow servants, a plea alleging that plaintiff attempted to perform the work without sufficient facilities is not responsive to the complaint, as facilities denote inanimate means rather than human agencies.

3. *Same; Evidence; Expert.*—Where the action was by a servant for injuries based on the negligence of the master in furnishing incompetent service to handle timbers, a question as to how many men were necessary to handle the timbers which are alleged to have caused the injuries, called for expert opinion, and was properly admitted over the objection that it called for a conclusion.

4. *Pleading; Demurrer; Specifying Defect.*—Where the complaint was based upon the negligence of the master for a negligent failure to furnish competent fellow servants, and should have alleged the master's knowledge or notice of their incompetency before the accident, such defect to be taken advantage of must be specifically pointed out by demurrer.

5. *Appeal and Error; Harmless Error; Pleading.*—Where the defense set up by a plea, to which demurrer was sustained, could have been taken advantage of under other special pleas and the general issue, which was pleaded, the sustaining of a demurrer to such a plea was harmless.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by Solomon A. Smith against the Sloss-Sheffield Steel & Iron Company, for damages for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

On a former appeal of this case, reported in 166 Ala. 437, 52 South. 38, demurrers were sustained to several

counts of the complaint, which was afterwards amend-
ed by the substitution of two practically new counts, 4
and 6.

Count 4 is as follows: "Plaintiff claims of defendant
$2,000 as damages for that on, to wit, the 22d day of
September, 1906, defendant was a corporation in Wal-
ker county, Ala., and was engaged in building a trestle,
and plaintiff was an employee of defendant, and was
working on said trestle, and that there were other em-
ployees of defendant at said time, and while so engaged
on, to wit, the date above specified, and while a plank
or piece of timber was being placed in position in the
construction of said trestle by the employees of de-
fendant, said plank or piece of timber struck plaintiff
and knocked him off of one of the bents of said tres-
tle, and plaintiff suffered the following injuries: [Here
follows catalogue of injuries.]    And plaintiff alleges
that the aforesaid employees, who were placing said
plank or piece of timber, were incompetent to do and
perform such special work, and that his injuries result-
ed proximately from the negligence of defendant in fail-
ing to employ careful and competent workmen in his
business, and plaintiff avers that defendant knew of the
incompetency of said servants, or by the exercise of rea-
sonable diligence could have ascertained that fact."

Count 6 is substantially indentical with count 4, but
imputes plaintiff's alleged injuries to defendant's fail-
ure to supply for the work a sufficient number of com-
petent and skilled workmen.

The grounds for demurrer to these counts, as argued
in brief, are:

(5) "That no facts are shown giving the mode, man-
ner, means, or agency by which plaintiff was injured."

(7½) "That it is not alleged that defendant knew of
the incompetency of the servants or by the exercise of
reasonable diligence would have known it.'"

Defendant's plea 3 to these counts is as follows:

"Plaintiff was guilty of negligence which proximately contributed to his own injury in this: That plaintiff, who was in charge and superintendence of the construction of the trestle for defendant, and whose duty it was to see to it that proper facilities, ropes, and appliances were used in and about said work, well knowing that he did not have at hand the proper facilities, ropes, and appliances with which to do said work, nevertheless negligently undertook to have said work done without same, and thereby approximately contributed to his own injury."

The following, among other grounds of demurrer, were assigned to this plea:

(6) "Said plea fails to aver facts sufficient to show that the proximate cause of plaintiff's injuries was the negligent manner in which plaintiff did or performed his work."

(13) "It does not allege that plaintiff knew of the incompetency of the servants or employees of defendant."

(14) "Fails to aver that plaintiff remained in the service of defendant without objection after he knew that the servants were incompetent."

The evidence tended to show that plaintiff was experienced in the work of trestle building, and that the piece of timber which struck him was being pushed by two of the hands, from whom it got away when it reached a certain height. Plaintiff's counsel asked him whether two or three men could have handled that timber by lifting it up with scantlings pushed against it, and, over defendant's objection that it was irrelevant and called for the witness' conclusion, the question and answer were allowed. There was verdict and judgment for plaintiff in the sum of $1,500.

BANKHEAD & BANKHEAD, for appellant. See former report of this case 166 Ala. 437. The defendant proved the pleas of assumption of risk and contributory negligence, and was entitled to the affirmative charge.—5 Mayf. 578-9, 639. The court erred in overruling demurrers to the fourth count as amended.—*First Nat. Bank v. Chandler*, 39 South. 822; *Sloss-Sheffield v. Smith*, 166 Ala. 446. From these authorities it is insisted that the sixth count as amended was also demurrable. The pleas of assumption of risk were certainly sustained by the evidence.—1 Labatt M. & S. 721. The plaintiff was not justified in continuing the work in the face of the pressing and immediate danger confronting him of which he admits he had knowledge.—*Alteriac v. West P. Co.*, 161 Ala. 435; *Coosa Co. v. Williams*, 133 Ala. 606; *Sloss-Sheffield v. Knowles*, 129 Ala. 410; *Eureka Co. v. Bass*, 81 Ala. 213.

NORMAN GUNN, for appellee. The testimony brings plaintiff within the rule laid down in the opinion on the former appeal.—166 Ala. 437; 1 Leb. M. & S. 727; *So. Ry. v. Guyton*, 122 Ala. 231; *Wilson v. L. & N.*, 85 Ala. 269; *M. & B. R. R. Co. v. Holburn*, 84 Ala. 133. All these matters were questions for the jury.—*First Nat. Bank v. Chandler*, 144 Ala. 286; *Sloss-Sheffield v. Mobley*, 139 Ala. 425. The question as to the number of men required to handle the timbers called for expert testimony, and did not call for conclusions.—*A. G. S. v. Vail*, 155 Ala. 382. The authorities cited by appellant demonstrate the correctness of the court's ruling on the pleading.

SOMERVILLE, J.—It was held on the former appeal, on substantially the same evidence as here offered, that the general affirmative charge was properly refused to defendant.

Very clearly, we think, this case falls within the principle approved in *South. Ry. Co. v. Guyton,* 122 Ala. 231, 241, 25 South. 34, 38: "It does not follow, however, that he [a servant] is guilty of negligence in working merely because he knows the work to be dangerous, without regard to the degree of danger and risk involved, nor unless it would be of a degree which would ordinarily deter one of ordinary prudence from the undertaking"—and announced in 1 Labatt on Master and Servant, p. 727, § 300. These were, on the whole evidence, jury questions, and the court did not err in refusing an affirmative instruction for defendant.

Counts 4 and 6 were not subject to the grounds of demurrer specified. Both grounds are refuted by the language of the complaint; and, while the complaint should perhaps have alleged that defendant had knowledge or notice of the incompetency or insufficiency of the workmen furnished for this work, before the accident (*First Nat. Bank v. Chandler,* 144 Ala. 286, 308, 39 South. 822, 113 Am. St. Rep. 39), the demurrer did not specify this deficiency, and the amendments, were in the very language of the demurrer.

The word "facilities," in this connection, means convenient means, and ordinarily includes inanimate means rather than human agencies. As used in plea 3, "facilities, ropes, and appliances," it is scarcely broad enough to cover the servants employed in the work, and so is not responsive to counts 4 and 6 of the complaint.

But, whether so or not, the allegation that the injury resulted from plaintiff's negligent failure to have the "proper facilities, ropes, and appliances," which were subject to his own selection, is no more than a denial of the special causes of action declared on in those counts, and was available under the general issue. Moreover, under other special pleas defendant had the full benefit

of that line of defense. There was no prejudicial error in sustaining the demurrer to this plea.

The question to plaintiff as to how many men were needed in raising the heavy timber by pushing with scantlings presented a proper subject for expert opinion, and its allowance was not error.

The judgment will be affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.