# United States C. I. P. & F. Co. v. McCoy.

### Injury to Servant.

(Decided February 3, 1916. Rehearing denied March 23, 1916.
71 South. 406.)

1. **Master and Servant; Injury to Servant; Complaint.**—The count alleging that the plaintiff was employed as a machine shop helper, and was injured as a proximate consequence of the negligence of the superintendent of defendant in permitting plaintiff to be sent to work with men incapable of assisting plaintiff in the work which he was required to do; or in sending men to assist plaintiff who were inexperienced and incompetent; or in sending an insufficient number of men to assist plaintiff, stated a cause of action.

2. **Same.**—A count alleging that plaintiff's injury was proximately caused by another employee, entrusted with superintendence, in ordering plaintiff to assist him in lowering or tightening down a steady rest under the arm of a crane, in doing which he was compelled to stand under the chains and block which were being raised by the crane runner, and that it was the duty of the superintendent to notify him that the blocks were being jammed by the runner, but that he failed to give such notice or to stop the runner before the chains and block fell upon plaintiff, stated a cause of action; and the fact that complaint alleged that the superintendent ordered plaintiff to do what he was doing at the time of the injury, did not necessarily bring the count exclusively within subdivision 3, making the master liable when the servant is injured in obeying a negligent order of a superior.

3. **Same.**—Subdivisions 2 and 3 of § 3910, Code 1907, cover in common the cases in which a superintendent gives a negligent order, and in such cases the complaint may be framed under either subdivision.

[United States C. I. P. & F. Co. v. McCoy.]

4. **Same; Negligence of Superintendence; Evidence.**—The evidence examined and held not to sustain a verdict against defendant on the second count of the complaint.

5. **Same; Fellow Servant.**—A master is not liable for injury to a servant occasioned by the negligence of a fellow servant in the absence of any negligence in furnishing incompetent and inexperienced fellow servants.

6. **Same; Incompetent Servant.**—In an action by a servant for injury, a single act of negligence on the part of an experienced fellow servant operating a crane on the occasion of plaintiff's injury, was not sufficient to warrant a finding that such fellow servant was unskilled or incompetent.

7. **Same; Evidence.**—Where it appeared that anyone with very little training could operate the crane whose runner jammed the chain and blocks until they fell and injured plaintiff, that plaintiff, one of the common laborers, had himself operated the crane, evidence that plaintiff had complained generally to his foreman about the manner in which the crane was operated, and of complaints of its operation by persons other than the operator was inadmissible, in the absence of evidence that the operator of the crane was incompetent, as the issue was limited to the competency of the operator at the time.

8. **Same; Negligent Order of Superintendent; Evidence.**—The evidence examined and held to require a submission to the jury as to whether the alleged order of the superintendent was negligent.

9. **Same; Assumption of Risk.**—Under the evidence in this case it cannot be held as a matter of law that plaintiff assumed the risk of injury from the negligence of his superintendent.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Ben McCoy against the United States Cast Iron Pipe & Foundry Company, for damages for injuries while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

In the second count of the complaint, after alleging that defendant was operating a pipe shop, and that plaintiff was employed therein as a machine shop helper, and while in such service or employment, and engaged in the discharge of his duties as such employee, plaintiff received the wounds and injuries described, it is alleged that the said wounds and injuries were the proximate consequence of, and caused by the reason of, the negligence of one Ike Jones, who was in the service or employment of defendant, and who had superintendence intrusted to him, while in the exercise of such superintendence, and that said negligence consisted in this: That said person negligently permitted the plaintiff to be sent to work with men incapable of safely assisting the plaintiff in the work which he was required to do, or said person negligently sent those to assist plaintiff in his

work who were inexperienced, and who were not sufficiently skilled workmen to safely aid the plaintiff in the work which he was required to do, or said person negligently furnished incompetent men to assist the plaintiff in the work that he was required to do, or said person negligently failed to furnish a sufficient number of men to assist plaintiff in the work which was required. The third count, after stating the same facts as to employment, etc., alleges that the injuries and wounds were proximately caused by reason of one C. J. Jarrett, who was in the service or employment of defendant, and who had superintendence intrusted to him, whilst in the exercise of such superintendence, and that said negligence consisted in this: That the said C. J. Jarrett was engaged in putting a pipe into a lathe, that while so engaged it became necessary to use a crane; that the said C. J. Jarrett had instructed the crane runner to hoist the chains which had been attached to the pipe; that the said C. J. Jarrett then ordered the plaintiff to assist him in lowering or tightening down a steady rest; that it was the duty of the plaintiff to obey the orders of the said C. J. Jarrett, and while so conforming to the said order, he was compelled to stand under the chains and blocks which were being raised by the crane runner; that the plaintiff's back was turned toward the crane runner, and it was the duty of the said C. J. Jarrett to notify the plaintiff of the fact that the chain blocks were being jammed by the crane runner, which he failed to do, or it was the duty of the said C. J. Jarrett to stop the crane runner before the blocks were jammed, or to have the crane moved so that the blocks and chain would not be over or above plaintiff, which he negligently failed to do, and the plaintiff, being unaware of his peril, continued to labor until the chain and blocks fell upon him and injured him, as aforesaid. Demurrers were interposed and overruled to these counts. The following is charge 7, refused to defendant:

"The court charges the jury that if you believe and find from the evidence that the risk of the injuries received by plaintiff was as open and obvious to him, or as well understood by him, as it was by the defendant, then I charge you that he assumed the risk of the injuries he received, and he is not entitled to recover.

ESTES, JONES & WELCH, for appellant. ETHERIDGE & LAMAR, and BEN G. PERRY, for appellee.

[United States C. I. P. & F. Co. v. McCoy.]

SAYRE, J.— (1) The trial court's ruling on the second count of the complaint may be sustained on the authority of *A. G. S. Ry. Co. v. Choate*, 184 Ala. 636, 64 South. 78.

(2, 3) The third count stated a cause of action under the second subdivision of the Employer's Liability Act (section 3910 of the Code), which makes the master or employer liable to his servant or employee for injury caused by the negligence of a superintendent. The allegation that defendant's superintendent, whose orders it was plaintiff's duty to obey, and did obey, ordered plaintiff to do what he was doing at the time of his injury did not necessarily bring the count under the exclusive influence of that subdivision of the section (subdivision 3) by which the employer is made liable when the employee is injured by reason of conforming to the negligent order of a superior to whose order he is bound to conform. These subdivisions cover a certain field in common, viz., cases in which a superintendent gives a negligent order. In such cases the complaint may be framed under either subdivision. However, the count in question was framed under the superintendence subdivision, since its gravamen is to be found in the allegation that defendant's superintendent failed to notify plaintiff that the chain blocks were being jammed by the crane runner, as it was his duty to do, or negligently failed to stop the crane runner before the blocks were jammed, or to have the crane moved, so that the block and chain would not be over or above plaintiff. The demurrer points out the fact that the count does not aver in terms that defendant's superintendent negligently failed to notify plaintiff that the chain blocks were being jammed; but we think the demurrer was correctly overruled, since the count avers that it was his duty to give such notice, intending, on fair construction, that such was his duty in the presence of the particular emergency alleged. An averment of that duty and of the superintendent's failure to perform it is the equivalent of an averment that the failure was negligent.

(4-6) There was no evidence to sustain a verdict against defendant on the second count of the complaint. Clearly and without contradiction or adverse inference, the negligence of one Curl was the immediate cause of plaintiff's injuries. Plaintiff was at his proper place, helping the machinist Jarrett adjust and fasten an iron pipe in a lathe operated by the latter. An electric crane had been used to lower the pipe into its place in the lathe,

and the block, chains, and hooks, by means of which the crane moved the pipe, had been detached, it remaining only for the crane runner, Curl, to raise them out of the way. Curl sat upon a platform next to the mast of the crane, and all he had to do was to move a lever this way or that, in order to raise or lower the blocks, chains, and hooks. After the pipe had been placed in position and the hooks detached, Jarrett was attempting to throw over a "steady rest," which would hold the pipe safely in its place on the lathe, while plaintiff stood on the other side of the lathe to receive and fasten it down. But the "steady rest" was rather heavy for Jarrett, and a number of employees, who witnessed the operation, were standing about laughing and jeering at his efforts to throw it over. Curl had set his machine in motion to raise the block, etc., but instead of watching its movement to stop it at the proper place, he gave his attention to Jarrett, and joined in the general merriment at his expense. It resulted that when the block reached the housing of the crane's arm, the continued motion of the motor or engine broke the cable on which the block was suspended, thus causing the block and its attachments to fall upon plaintiff. Curl was plaintiff's co-employee, and for his negligence defendant was not answerable to plaintiff in the absence of the co-operating principle invoked by the second count of the complaint.

Now the second count sought a recovery on the allegation, in substance, that one Jones, defendant's superintendent, negligently permitted plaintiff to be sent to work with men incapable of safely assisting him in his work, or negligently sent inexperienced and unskilled, or incompetent, workmen, or an insufficient number of workmen, to assist plaintiff in the work he was required to do. We have read the record, without finding evidence that Curl lacked that measure of experience, skill, or competence required to operate the crane, or, however that may have been, that Jones was negligent in employing or retaining him in the service. Curl had had experience, and his single act of negligence on the occasion of plaintiff's injury was not sufficient to warrant a finding that he was unskilled or incompetent.—*Conrad v. Gray*, 109 Ala. 130, 19 South. 398; *First National Bank v. Chandler*, 144 Ala. 286, 29 South. 822, 113 Am. St. Rep. 39. Defendant was due the general charge on the second count as requested.

(7) It was in undisputed proof that any one with very little training could operate the crane, and that, after the discharge of an Italian boy, whose steady job it had been, various persons about the shop had operated it as occasion required. Plaintiff, who belonged to the "floating gang"—that is, the body of common laborers employed to help about the shop whenever and wherever they were directed, among the rest—had operated the crane. In this state of the proof, and in the absence of evidence going to show that Curl was incompetent, plaintiff's testimony to the effect that he had complained generally to Hatten, foreman of the machinists' helpers—i. e., the "floating gang"—about the manner in which the crane was operated should have been excluded. A fortiori, complaints of the operation of the crane by named persons other than Curl were irrelevant. Such complaints did not competently tend to prove negligence or incompetence on the part of any one; but, had incompetence been shown by evidence sufficient to carry that question to the jury, it may be, by evidence of repeated acts of negligence or otherwise, complaints would have been competent only to trace knowledge to the employer. In this case the competence vel non of Curl alone was within the issue defined by the count and the undisputed evidence was that he was operating the crane at the time of plaintiff's hurt.

(8) Whether the defendant was entitled to the general charge as to count 3 of the complaint is not so clear. It has already appeared that this count attributed plaintiff's injury to the negligence of Jarrett, the machinist in charge of the lathe, and exercising superintendence over helpers, for that he failed to notify plaintiff that the chain block was being jammed by the crane runner, or to have the crane moved so that the block and chain would not be over or above plaintiff. This last alternative of the count meant, in the light of the evidence, that Jarrett should have directed that the crane be swung to one side before the block and chain was raised, this in anticipation that the negligence of Curl, the crane runner, might force them from their attachment to the arm of the crane. But this hypothesis of negligence was wholly unreasonable. In reason the count and the evidence offered in support of it were resolved into this proposition: That it was the duty of Jarrett to direct the operation of the crane after it had served its purpose by placing the pipe on the lathe, or, more specifically, that he should have watched the operation of the

crane thereafter and given Curl, the crane runner, a signal when to stop. The evidence for defendant went to show that the arm of the crane and the block suspended therefrom were, at all times, in full view and under complete control of the crane runner; that Jarrett, being concerned only to see that the pipe was properly laid upon the lathe, gave the order to the operator of the crane to hoist up the disengaged block and chains and get them out of the way, after which no rule promulgated by the master nor any rule of reasonable care in conducting the operations of the shop required that his attention should further follow the crane, or that he should do what was more conveniently and safely intrusted to the crane runner. Had this theory of the respective duties of Jarrett and Curl found acceptance with the jury, defendant should not have been found liable under the third count of the complaint. But plaintiff adduced some testimony which perhaps the jury may have construed to mean that it was the practice of the shop for the machinist in charge of the lathe to follow all the movements of the crane and give orders for its every operation, and upon this construction of the evidence the third count was properly submitted to the jury, for, from such practice duty may have been inferred; and if there was the duty on the part of Jarrett to notify or direct the crane runner when to stop the raising of the block and chain after they had been detached from the pipe, then his neglect of that duty would result in defendant's responsibility for its consequences.

(9) If Jarrett's superintendence of plaintiff and the crane runner extended as far as plaintiff seems to have contended it did, then it cannot be said that plaintiff assumed the risk of injury by the negligence of Jarrett, whose duty it was, on this hypothesis, to care for the safety of plaintiff, his subordinate co-employee.—*L. & N. R. R. Co. v. Handley,* 174 Ala. 593, 603, 56 South. 539, and cases there cited. We cannot say, therefore, that there was error in the refusal of charge 7, requested by defendant. We have said enough to indicate our view of all questions raised by the assignments of error.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.