(127 So. 230)

**JENKINS et al. v. MANN.**

**6 Div. 452.**

Supreme Court of Alabama.

March 27, 1930.

Mullins & Jenkins, of Birmingham, for appellee.

Harsh & Harsh, of Birmingham, for appellants.

**FOSTER, J.**

After the complaint had been amended so as to contain three counts, defendants separately filed demurrers "to each count of the complaint as amended separately and severally, and as grounds of demurrer to each of said counts separately and severally assigns thereto the following grounds." The judgment entry recites: "Defendants file demurrers to complaint as amended and said demurrers are by the court heard and considered, whereupon it is ordered and adjudged by the court that said demurrers be and they are hereby overruled."

Appellant has assigned for error the ruling on demurrers to each count of the complaint separately. Appellee contends that the record which we have copied does not show a separate ruling on the separate demurrers to each count, but only to the complaint as a whole. This is upon the authority of Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239, and others following it. The record in that case recited a demurrer to the complaint, and that it *is* considered, etc., and *is* overruled. It was said that the record did not show a ruling on demurrer to each count separately. In Central of Ga. v. Ashley, 159 Ala. 145, 48 So. 981; Berger v. Dempster, 204 Ala. 305, 85 So. 392; Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 So. 796; Sims v. Alabama Water Co., 205 Ala. 378, 87 So. 688, 28 A. L. R. 461, the court applied the same rule to a record of similar import.

In Liverpool & L. & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880, 882, the record recited "demurrers to defendant's plea in abatement *are* by the court," etc., and this court differentiated such recitals from those in the cases just cited, and held that such a record shows a ruling on the demurrers addressed to the several pleas in abatement separately as to each.

In the instant case, the judgment cannot be differentiated from that in the McCree Case, supra, and it sufficiently shows that the separate demurrers to each count were separately overruled.

The only fault pointed out in the first count which seems to need treatment is that, in reciting the invitation to ride, it states that *plaintiff* was riding at the invitation of defendant, and recites that the negligence was in operating the automobile in which *plaintiff's intestate* was riding as aforesaid. We think that the context shows a clerical self-correcting omission in not stating that it was plaintiff's *intestate* who was riding at the invitation of defendants and not plaintiff herself. Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 So. 74; Starr Piano Co. v. Zavelo, 212 Ala. 369, 102 So. 795; Elder v. Ralls Sanitarium, 219 Ala. 298, 122 So. 41. Treating that condition as self-correcting, the count is not subject to the demurrers assigned.

Count 2 was not submitted to the jury.

The sufficiency of count 3 is also tested by the demurrers. That count is treated by counsel as based upon subdivision 2, section 7598, Code, part of the Employers' Liability Act, charging the negligence of a superintendent. The superintendent, as alleged in this count, was the defendant Douglas. So that, treating this count as being a claim under said act, we observe that in it both the employer and his alleged negligent superintendent are united as defendants in the same count. So treated, there is in this count a joinder of separate and distinct causes of action—one against Jenkins under the Employers' Liability Act (Code 1923, §§ 7598–7601), in which the damages are compensatory, and a different one against Douglas under the Homicide Statute (Code 1923, § 5696), in which the damages are punitive. This cannot be done conformably to our decisions construing such nature of actions. Therefore, so treating count 3, it was subject to the demurrer on that ground. Gulf States Steel Co. v. Fail, 201 Ala. 524, 78 So. 878; Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188. But an analysis of said count convinces us that it is not subject to the demurrer assigned, for that it complains of a common-law liability for the result of a nondelegable duty owing by the master, and is not dependent upon the Employers' Liability Act. One of the absolute, nondelegable duties of the master to a servant is to use due care in selecting competent fellow servants. Alabama G. S. R. R. Co. v. Vail, 142 Ala. 134, 139, 38 So. 124, 110 Am. St. Rep. 23; Walker v. Bolling, 22 Ala. 294, 309, 310; Tyson v. S. & N. R. R. Co., 61 Ala. 554, 557, 558, 32 Am. Rep. 8; Georgia Pac. R. R. Co. v. Davis, 92 Ala. 300, 313, 9 So. 252, 25 Am. St. Rep. 47; Chamberlain v. So. Ry. Co., 159 Ala. 171, 48 So. 703; 39 C. J. 527.

If, as alleged in the third count of the complaint the injury was the proximate result of negligence of the superintendent in employing an incompetent driver, such negligence was not an act of a fellow servant; for

the master is responsible to his servants at common law for the negligence of a superintendent in employing an incompetent servant, because this is a nondelegable duty. This count sufficiently so alleges, and it is therefore a claim under the homicide statute against both defendants.

 We think, however, as we will undertake now to show, that defendant Jenkins was entitled to a directed verdict on both counts, and that Douglas was entitled to such verdict on the third count. As to the first count, we observe that the evidence is that Douglas was engaged merely in operating the car in question. This has been held not to be an act of management, even though at the time he was the manager. It was only an act of fellow service. Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906. Any act of an employee in the line and scope of his employment which is not one of general management bears towards the other employees in the same line of the business the relation of fellow service, unless it is the performance of a duty which is not delegable by the master, and, though it is negligent, the master is not liable on a common-law count to another fellow servant likewise engaged in such business who is injured as a proximate result of such negligence. This court does not recognize the doctrine of common-law liability for the acts of a superior servant who is not a general manager, unless his acts are such as that they are not delegable by the master. Alabama G. S. R. R. Co. v. Vail, 142 Ala. 134, 38 So. 124, 110 Am. St. Rep. 23; Georgia Pac. R. R. Co. v. Davis, 92 Ala. 300, 312, 313, 9 So. 252, 25 Am. St. Rep. 47; Postal Tel. Co. v. Hulsey, 115 Ala. 193, 204, 22 So. 854.

This doctrine would, of course, apply to a superintendent who was not a general manager. For such negligence of a superintendent the Employers' Liability Act provides. But the benefits of such act must be invoked by proper pleading. The first count is not so framed. The evidence, therefore, does not sustain that count as against Jenkins. Jenkins was also entitled to a directed verdict on the third count. Assuming its sufficiency, the negligence of the superintendent in intrusting the operation of the car to an incompetent driver cannot be sustained by proof that he intrusted it to himself, assuming also that he was incompetent. This appears to us to be self-evident.

In assuming the operation of the car, there was no employment of an incompetent driver, nor any act of superintendence over plaintiff's intestate, while in operating it he was no more than a fellow servant with him. Linderman v. T. C., I. R. R. Co., 177 Ala. 378, 58 So. 900; Reed v. Ridout's Ambulance, supra; General Exch. Ins. Co. v. Findlay, 219 Ala. 193, 121 So. 710. There was therefore no proof of the negligent act of the superintendent as alleged in this count.

A verdict for defendants may be directed when the evidence does not tend to prove plaintiff's cause of action. Reed v. Ridout's Ambulance, supra; Stowers v. Dwight Mfg. Co., 202 Ala. 253, 80 So. 90; Crim v. L. & N. R. R. Co., 206 Ala. 110, 89 So. 376; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 406, 100 So. 812.

We conclude as the result of what we have said that Jenkins was entitled to a directed verdict on both counts of the complaint, and that Douglas was likewise entitled to such verdict on the third count, but that as to him it was properly submitted to the jury on the first count.

We do not wish to imply that we conclude that the evidence was sufficient to go to the jury to show that Douglas was acting in the line and scope of his authority in making the trip.

For the errors which we have stated, the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.