172 So. 886

## McDUFF v. KURN et al.

### 6 Div. 34.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 18, 1937.

**620**

John W. Altman, of Birmingham, for appellant.

Cabaniss & Johnston, of Birmingham, for appellees.

FOSTER, Justice.

This is an action at law for damages for the death of plaintiff's intestate, McDuff. It was tried on counts A, B, and C.

Count A is predicated upon the negligent failure to employ a competent fellow servant, Mulligan, or a negligent retention of him in the employment of the defendant carrier with knowledge of his incompetency on account of his habitual drunkenness, and because of his dangerous character when drunk, and that while so drunk, and in the line and scope of his employment, he wrongfully shot and killed McDuff.

The common law prescribed such a duty upon the employer, owing to the fellow servants of the incompetent servant, and provided an action at law against the employer for injuries to a servant caused by the incompetence of such fellow servant as a proximate consequence of the negligence of the employer in retaining him with knowledge of his incompetence and the danger incident to his retention. Jenkins v. Mann, 220 Ala. 661,

127 So. 230; 39 Corpus Juris, 523, 531, § 636, p. 532, note 69; Walker v. Bolling, 22 Ala. 294; First National Bank v. Chandler, 144 Ala. 286, 39 So. 822, 113 Am.St.Rep. 39; Pennsylvania Coal Co. v. Bowen, 159 Ala. 165, 49 So. 305; Sloss-Sheffield Steel & Iron Co. v. Smith, 185 Ala. 607, 64 So. 337.

This is a duty owing to a servant of the employer and intended to that extent to provide a remedy to such servant for the negligence or other wrong of a fellow servant. A third person is protected without regard to the incompetence of the servant. The complaint which invokes the common-law duty to a servant should allege that the person sustaining the injury was also a servant of the employer of the incompetent servant. The counts A, B, and C do not expressly make that allegation. But some of the grounds of the demurrer assume that they do, and none of them seem to be directed to a failure to do so.

The evidence from which the inference may be drawn that one of them was so employed at the time of the injury is the same sort as that which relates to the other in that respect.

It is apparent that counts A and B were treated as making the allegation, for the duties there declared have no other application. We will so treat them in the absence of objection.

The common law prescribed the duty to a servant, such as set out in count A, and provided a remedy for his injury due to a failure of it, but none when death ensued. Our section 5696, Code, supplies that remedy. Count A is by virtue of that statute. It makes no mention of the employment of McDuff or Mulligan in interstate commerce, and therefore does not state a cause of action under the Federal Employers' Liability Act. 45 U.S.C.A. § 51.

But the evidence does show that they were employed as special officers protecting cars of their employer and of others handled by the employer, some of which were engaged in interstate commerce, and some were not, and at the time of the shooting of McDuff they were discussing a robbery of one of such cars, whether in interstate commerce or not does not clearly appear. The evidence also shows that at that time their employer regularly employed more than sixteen

employees. Section 7543, Code. So that the employees, McDuff and Mulligan, were either employed in interstate commerce as defined in Nichols v. St. Louis & San Francisco Ry. Co., 227 Ala. 592, 151 So. 347, 90 A.L.R. 842, or the presumption is that they and the employer were under the State Workmen's Compensation Law (Code 1923, § 7543). Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787.

A defendant is entitled to the affirmative charge with respect to counts founded under the state statute "if the evidence showed that the employee was engaged in interstate commerce at the time of the injury." Louisville & Nashville R. Co. v. Carter, 195 Ala. 382, 70 So. 655, Ann.Cas.1917E, 292.

It is also to be observed that the federal act is not limited to negligence of fellow servants, but includes negligence of the officers of the carrier. 45 U.S.C.A. § 51 et seq. This means any negligence for which a common carrier engaged in interstate commerce can be responsible to its employees also engaged therein. 2 Roberts on Federal Liability of Carriers (2d Ed.) p. 1545; 39 Corpus Juris, 266, note 27; De Atley v. Chesapeake & Ohio R. Co. (D.C.) 201 F. 591.

But the Workmen's Compensation Law does not apply to an employee of a common carrier injured or killed while engaged by such carrier in interstate commerce. Kasulka v. Louisville & Nashville R. Co., 213 Ala. 463, 105 So. 187. And this is true though negligence is the basis of liability under the Federal Employers' Liability Act, and it is not so under the State Workmen's Compensation Law. New York Central R. Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045, L.R. A.1918C, 439, Ann.Cas.1917D, 1139. When a servant is injured in the performance of his duties in interstate commerce by a common carrier, his action is wholly controlled by the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.) Illinois Central R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; Wabash R. Co. v. Hayes, 234 U.S. 86, 89, 34 S.Ct. 729, 58 L.Ed. 1226; Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062, L.R.A.1915C, 1, Ann.Cas.1915B, 475; 2 Roberts on Federal Liability of Carriers, pp. 1529, 1533, 1534, § 795.

So that if Mulligan and McDuff were employed in interstate commerce when he was killed, and were then so engaged in such employment, plaintiff cannot recover on count A, which invokes the benefits of section 5696, an Alabama statute. And if McDuff and his employer were under the State Workmen's Compensation Law a complaint appropriate to that statutory right is necessary to obtain its benefits. Birmingham Belt R. Co. v. Ellenburg, 213 Ala. 146, 104 So. 269; Id., 215 Ala. 395, 111 So. 219; Williams Bros. v. Staggs, 221 Ala. 625, 130 So. 334; Jenkins v. Mann, supra.

And since plaintiff's rights, if any, must have accrued either under the Federal Employers' Liability Act (45 U.S. C.A. § 51 et seq.) or the State Workmen's Compensation Law (Code 1923, § 7543 et seq.), and count A is not appropriate to invoke either such claim, there can be no recovery under that count, regardless of other questions presented. Jenkins v. Mann, supra.

Count B contains averments which seem to rest on subdivisions 2 and 3 of section 7598, Code, which is the State Employers' Liability Act. Section 7600 provides the remedy when the employee dies from the injury. United States Cast Iron Pipe & Foundry Co. v. McCoy, 196 Ala. 45, 71 So. 406.

But we have shown that if the employee was engaged in a service in interstate commerce when he was killed, the federal act controls, and the state act has no application, and that if not so engaged the evidence supports a presumption that McDuff and his employer were under the State Workmen's Compensation Law. And therefore it is true with this count as with count A that the parties were either under the Federal Employers' Liability Act, or the State Workmen's Compensation Law, for neither of which is count B appropriate, and no recovery could be had under it on any aspect of the evidence.

Count C is not predicated upon a duty to an employee, express or implied, but one to a third person. It is alleged to have been done by Mulligan as an employee of both the carrier defendant and of Bunch, who is also a defendant. He was not an employee of Bunch, but of the carrier, as shown by the evidence. But McDuff was also an employee of the carrier and a fellow servant with Mulligan. Nothing is alleged in this count to invoke the Federal Employers' Liability Act or

the State Workmen's Compensation Law, or any principle which relieves the situation from the fellow-servant doctrine of nonliability by their common employer. So that the evidence in all aspects shows no right to recover under this count.

We pretermit any consideration of the impropriety of making Bunch a party when some of the counts make no sort of claim of liability by him. But we merely cite the authorities. McMahen v. Western Union Tel. Co., 209 Ala. 319, 96 So. 265; May v. Smith, 48 Ala. 483; Goss v. Weiman & Co., 5 Ala.App. 404, 59 So. 364; 1 C.J.S., Actions, p. 1217, § 76 (b); 1 Am. Jur. p. 458, § 68.

Taking the evidence most favorable to plaintiff, both as proven and as offered to be proven, there should not have been a verdict for plaintiff on any of the counts A, B, or C. Therefore objections to evidence, refused and given charges, or the action of the court in and about receiving the verdict, if there was error in them, could not have been prejudicial to plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.