## BARRETT v. CONSOLIDATED COAL CO.
## No. 5781.

District Court, N. D. Alabama, S. D.
April 17, 1946.

Kelvie Appelbaum and Victor H. Smith, both of Birmingham, Ala., for plaintiff.

F. W. Davies, of Birmingham, Ala., for defendant.

LYNNE, District Judge.

Plaintiff brought suit in the Circuit Court for Jefferson County, Alabama, for compensation under the Alabama Workmen's Compensation Act. Defendant duly

removed same to this court on the ground of diversity of citizenship. Plaintiff thereupon appeared in this court and prayed that the suit be remanded to the Circuit Court for Jefferson County, Alabama.

The single question presented on plaintiff's motion to remand is whether a proceeding, instituted in a State court under the provisions of the Alabama Workmen's Compensation Act, Code 1940, Title 26, § 253 et seq., is removable to a Federal district court. If such a proceeding is a "suit of a civil nature, at law or in equity" within the meaning of Section 28, Judicial Code, as amended, 28 U.S.C.A. § 71, it was properly removed since other prerequisites of Federal jurisdiction are present.

Perhaps the clearest definition of the term "suit," in the sense of the judiciary laws of the United States, is to be found in the case of Weston v. Charleston, 2 Pet. 449, 464, 7 L.Ed. 481, 485. Chief Justice Marshall said:

"The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit."

The language of the statute in question, while admittedly inconclusive, is indicative of the nature of the remedies provided thereunder. Section 254 of the codified statute provides that certain defenses shall not be available in cases brought under the act. Section 260 declares that *"in all actions of law brought pursuant to this article, the burden of proof to establish wilful misconduct * * * of the injured employee shall be upon the defendant."* (Emphasis supplied.) Section 297 provides for a jury trial on the issue of the alleged wilful misconduct on the part of the employee and for a review of the proceedings in the trial court by certiorari in the State appellate courts.

Under the decision law of Alabama, proceedings under said act are clothed with all of the indicia of the conventional suit at law. While compliance with the technical rules as to pleading is not required in actions under the Workmen's Compensation Act, a complaint appropriate to the right to recover thereunder is necessary to obtain its benefits. Mc-

Duff v. Kurn, 233 Ala. 619, 172 So. 886. A defective complaint is subject to demurrer. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648. It is the duty of the trial court to render a final judgment upon the pleadings and proof. Indian Head Mills v. Ashworth, 215 Ala. 348, 110 So. 565.

In the case of Elsas v. Montgomery Elevator Co., et al., D.C.Mo., 1930, 38 F.2d 303, the court was dealing with the Workmen's Compensation Act of Missouri, Mo. R.S.A. § 3689 et seq. That act provided for an administrative tribunal to which the parties might resort in case of disagreement. The determination of such tribunal is subject to judicial review only upon certain specified questions. Section 2 of said act provides that "every employer and every employee * * * shall be conclusively presumed to have elected to accept the provisions of this act." From the fact of the acceptance by the employer of the act and consequent submission to the jurisdiction of the State court, the District Court implied a waiver of the right to remove the cause to the Federal court, and further concluded that the employer, by appealing from the determination of the administrative tribunal, invoked a judicial review by the State court and was estopped to remove the case. While I can agree with neither of these conclusions, it is sufficient to observe that the Alabama act is substantially dissimilar in its provisions and that opinion cannot be considered persuasive authority.

The decision of the Court in the case of Snook v. Industrial Commission of Illinois, D.C.Ill., 1934, 9 F.Supp. 26, in which removability was denied, was predicated on the view that the right created by the Illinois Workmen's Compensation Law, Smith-Hurd Stats. c. 48, § 138 et seq., was so united with the administrative remedy provided as to make necessary its enforcement in the particular tribunals prescribed by the statute. The remedy established by the Alabama act is clearly distinguishable, as appears hereinabove.

The well considered opinion of the court in the case of McLaughlin v. Western Union Telegraph Co., D.C.La., 1925, 7 F.2d 177, 184, is strongly persuasive in view of the similarity between the Louisiana and Alabama statutes. After an elaborate collation of authorities, the conclusion was reached that "the Louisiana Workmen's Compensation Law [Act No. 20 of 1914] creates a substantive right which may be enforced

by a suit instituted in or removed to the federal court." On writ of error in the Circuit Court of Appeals, approval was given, sub silentio, to the correctness of this decision. 5 Cir., 1927, 17 F.2d 574. Other cases which sustain Federal jurisdiction of causes of action arising under this Louisiana statute are: Blount v. Kansas City Southern R. Co., D.C., 5 F.2d 967; Franzen v. DuPont Co., D.C.N.J.1941, 36 F.Supp. 375 affirmed in 3 Cir., 1944, 146 F.2d 837, citing: Texas Pipe Line Co. v. Ware, 8 Cir., 1926, 15 F.2d 171, certiorari denied 273 U.S. 742, 47 S.Ct. 335, 71 L.Ed. 869, and United Dredging Co. v. Lindberg, 5 Cir., 1927, 18 F.2d 453, certiorari denied 274 U.S. 759, 47 S.Ct. 769, 71 L.Ed. 1337.

The following cases in the Fifth Circuit recognize Federal jurisdiction of actions arising under the Texas statute, which provides for administrative proceedings in the first instance, followed by a limited judicial review, viz.: Heard v. Texas Comp. Ins. Co., 5 Cir., 1937, 87 F.2d 30; Maryland Casualty Co. v. Hodge, 5 Cir., 1931, 49 F.2d 127 and Travelers Ins. Co. v. Burden, 5 Cir., 1938, 94 F.2d 880.

It follows that I am of the opinion that a suit instituted in a State court under the Workmen's Compensation Act of Alabama is removable to a Federal district court where other prerequisites of Federal jurisdiction are present.

Accordingly, the motion to remand will be denied.