[Holloway, et al. v. Henderson Lumber Co.]

# Holloway, *et al. v.* Henderson Lumber Co.

## *Trespass to Realty.*

### (Decided October 14, 1915.   69 South. 821.)

1. *Bill of Exceptions; Correction by Trial Court; Time.*—Where a deed introduced in evidence was copied into the bill of exceptions and the township and range were omitted from the description, and the omission was not discovered until the bill of exceptions had been signed and filed, the trial court had the power, at the next term, to correct the clerical omission so as to make the record speak the truth, notwithstanding the rule that after a bill of exception has been signed, and has become a part of the record, and the term at which the case was tried, has expired, it is beyond the control of the judge, and he has no power to offer to amend it.

2. *Same; Nature of Error.*—Before a bill of exceptions can be corrected after it has become a part of the record and the term at which a trial was had has expired, the correction must relate to some clerical misprision or omission, and must not rest in parol, but upon the record or quasi record evidence.

3. *Taxation; Deeds; Execution; Acknowledgment.*—Under section 593, Code 1886, a certificate of the justice of the peace that a certain person known to the justice of the peace to be probate judge of said county at the date of the execution of the conveyance, and to be the identical person whose name is affixed to, and who executed the above conveyance as the probate judge, was defective, and did not transmit title under the tax sale.

4. *Same.*—Such a deed was not prima facie evidence of the facts therein recited, and was not made so by the provisions of section 3382, Code 1907, since such provisions relate only to validly executed conveyances which have been of record for twenty years, and does not make such an instrument valid if it was not valid when made.

5. *Same; Limitation.*—The limitation prescribed as a bar to actions for land sold for taxes did not run where the tax deed was imperfectly acknowledged by the probate judge, although the deed was recorded, since the limitation does not begin to run until the deed is legally executed and recorded.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. Pearce.

Action by John L. Holloway and another against the Henderson Lumber Company for trespass to realty and the statutory penalty for cutting trees. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

A motion was made in the lower court on June 5, 1915, to amend nunc pro tunc the bill of exceptions signed in said cause by the presiding judge on the 14th day of April, 1915, by inserting as a part of said bill of exceptions, on page 3 thereof, in the deed therein purported to be set out, which was offered in evidence by plaintiff on said trial of this cause, and executed by Stephen Holloway and John L. Holloway, dated July 7, 1860, the words "in township 2 of range 17," these words to follow the words, "W. ½ of S. 19," and to immediately precede the words "containing 320 acres, more or less," as the same is shown by the deed in evidence and on file in the office of the clerk of the court. The order as prayed for was granted.

The tax deed from the judge of probate Riley was not attested, but was acknowledged as follows: "I hereby certify that before me, William Jordan, justice of the peace in and for said county, personally appeared the above-named Malachi Riley, probate judge of said county, personally known to me to be the probate judge of said county, at the date of the execution of the above conveyance, and to be the identical person whose name is affixed to and who executed the above conveyance as probate judge of said county, who acknowledges the execution of the same to be his voluntary act and deed as probate judge of said county, for the purposes herein expressed. Given under my hand this the 15th day of August, 1888.

"William Jordan, J. P."

JONES & POWELL, and A. WHALEY, for appellant.

POWELL & ALBRITTON, for appellee.

ANDERSON, C. J.—(1, 2) This court has repeatedly held that after a bill of exceptions has been signed and

has become a part of the record, and the term at which the case was tried has expired, the same is beyond the control of the judge, and he has no power to alter or amend same.—*Briggs v. Tenn. C. & I. Co.,* 175 Ala. 130, 57 South. 882, and cases there cited. This court has never held, however, that the trial court cannot at another term correct it, like other parts of the record, as to clerical errors or omissions, so as to make it speak the truth. In the case of *Branch Bank v. Kinsey,* 5 Ala. 9, this court held that the judge had no power or control over the bill of exceptions after it had become a part of the record and the term had expired, but it was said in the opinion: "It would doubtless be competent for the court, at a succeeding term, on sufficient evidence, to amend a bill of exceptions, as it could any other part of the record nunc pro tunc, so as to make it speak the truth of the case."

True, this question was not decisive of the case there under consideration, and may therefore be dictum, but it was nevertheless the declaration of the general, and what seems to be a proper, rule.—3 Cyc. 50; 3 Am. & Eng. Enc. P. & P. 502-506. Of course, the correction must relate to some clerical misprision or omission in the record, and must not rest in parol, but upon record or quasi record evidence. Here the deed had been introduced in evidence and was in the file of the papers in the trial court, and in copying the said deed into the bill of exceptions by a clerical error the township and range was omitted, which omission was not discovered until the bill of exceptions had become a part of the record. The trial court upon proper motion at the succeeding term, with the record evidence of the original deed, at the time a court paper in the case, corrected this clerical omission so as to make the record speak the truth. This it not only had the authority to

do, but such course was essential to the administration of justice. It would be a hard and narrow holding that would deprive trial courts of the power to rectify such trivial errors and misprisions when there is undisputed record evidence correcting the same. To hold that the trial court could not rectify this error, and that the appellant must lose his case solely because of the omission from the bill of exceptions of the township and range, when the original deed was on file and did contain it, would but subordinate merit and justice to technicalities, which should not be sanctioned by courts of modern civilization—courts created and intended for the administration of justice, settling legally, but meritoriously, all controversies involving the life, liberty, property, and happiness of our citizens. The motion to strike the amendment from the bill of exceptions is overruled.

This holding is not in conflict with the case of *Briggs v. Tenn. Co., supra,* as we did not there hold that a bill of exceptions could not be amended nunc pro tunc by the court at a subsequent term. Nor is it in conflict with the holding of the majority as to amendable defects. The writer did not agree to the holding of the majority, as was the case with two other members of the court, but the majority opinion recognizes the power of the court to make amendments upon proper evidence; they seemed to be of the opinion that the amendment there was based upon parol evidence.

(3-5) The plaintiff proved a complete paper title to the land, which the defendants sought to overcome by a tax deed and subsequent conveyance and adverse possession thereunder. The tax deed from Judge Riley was imperfectly acknowledged, and was not, therefore, validly executed under the terms of section 593 of the Code of 1886, the statute governing same. It did not author-

[Holloway, et al. v. Henderson Lumber Co.]

ize the mere execution of a deed, or one to be acknowledged or attested, but one to be acknowledged. The deed was not therefore sufficient to transmit the title under the tax sale. Nor was it prima facie evidence of the facts recited therein, and is not made so by section 3382 of the Code of 1907, as this last section relates to the transcript in evidence of validly executed conveyances which have been of record for 20 years, though not so acknowledged as to make them self-proving. This statute was not intended to make the registration of an instrument for 20 years a valid deed which was not a valid deed when made. The trial court in the oral charge properly held that the deed, in and of itself, did not give the title to the land into the grantee therein, but that it was color of title. The evidence was in conflict as to whether or not the defendant and those under whom it held were in adverse possession of the land for 10 years prior to the commencement of the suit, and this issue was properly submitted to the jury. But the trial court, in its oral charge, and by refusing some of the plaintiff's requested charges, in effect, held that 3 years' possession under the deed would bar the plaintiffs from recovering, and in this there was reversible error. The limitation prescribed as a bar to action for lands sold for delinquent taxes does not begin to run until the deed to the purchaser by the probate judge is legally executed and recorded.—*Flowers v. Jernigan,* 116 Ala. 516, 22 South. 853. The deed in question was recorded, but it was not legally executed.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.