176 So. 449

### HARDY v. CITY OF DOTHAN et al.

### 4 Div. 952.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

Martin & Jackson, of Dothan, for appellant.

W. Perry Calhoun and T. E. Buntin, both of Dothan, for appellees.

BROWN, Justice.

This is an action on the case by the personal representative of J. L. Hardy against appellees, Jones and the city of Dothan, seeking to recover damages for wrongfully causing Hardy's death.

The several counts, in substance, aver: That at the time of said death Hardy was an employee of the said Jones, who was then engaged in operating a cotton gin and regularly employed less than 16 persons; that the city of Dothan furnished to Jones electric power for the operation of said gin, using and maintaining for such purpose a line of wires leading from its transformer into said gin over the roof of the gin shed; that Hardy, at the time of his death, was engaged in repairing the roof on said gin shed, work which his employer had instructed him to do, and came in contact with a deadly current of electricity from said wires, which proximately caused his death; that the insulation on said wires was worn, and said wires were in part uninsulated, and were negligently strung and maintained by said defendant without proper clearance to render them reasonably safe to persons rightfully engaged in work on said roof.

Some of the counts aver that Hardy's death was proximately caused by the negligence of the city of Dothan in the use of said wires for carrying a deadly current of electricity to said gin, and the negligence of Jones in sending Hardy to work on said roof without sufficient warning as to the danger incident to said work.

One of the counts, the fourth, imputes the death of plaintiff's intestate to the negligence of the defendant Jones, "or his said servants or agents," and the negligence of the city of Dothan. The trial seems to have proceeded on the assumption that all of the counts stated a cause of action against both defendants under the homicide act, Code 1923, § 5696.

■ Where the right of action for wrongful death arises out of a personal breach of a common-law duty of the master to the servant, whether such duty is nondelegable or not, or a breach of such duty by the master's vice principal or alter ego, of a nondelegable common-law duty, and the case is not within the Workmen's Compensation Act (Code 1923, § 7534 et seq., as amended), the personal representative may at his or her election proceed against the master alone under the Employer's Liability Act, sections 7598–7601, Code 1923 (as amended), or proceed under the homicide act and join as parties defendant joint tort-feasors, whose negligence or wrongful acts concurred with that of the master in producing the death. Northern Alabama Railway Co. v. Mansell, Adm'r, 138 Ala. 548, 36 So. 459; Alabama G. S. R. Co. v. Vail, 142 Ala. 134–136, 38 So. 124, 110 Am.St.Rep. 23; Jenkins et al. v. Mann, 220 Ala. 661, 127 So. 230.

■ But if the right of action is predicated on the negligence of a fellow servant, not cognizable at common law, but for which liability is imposed on the master by the Employer's Liability Act, such joinder is not permissible for the reason that the measure of damages against one would

be punitive and as to the other compensatory only. Gulf States Steel Co. et al. v. Fail, 201 Ala. 524, 78 So. 878; Jenkins et al. v. Mann, supra.

■ The duty of the master to furnish the servant a safe place to work is a duty imposed by the common law, though the duty of maintaining such safe place so furnished may be delegated to a competent fellow servant. Langhorne et al. v. Simington, 188 Ala. 337, 66 So. 85–87; Gentry v. Swann Chemical Co., ante, p. 313, 174 So. 530.

■ It is a common-law duty of the master to acquaint the servant of latent dangers incident to the service arising from substances and processes used in the employment, which can be ascertained through knowledge of scientific principles, and instruct him as to their avoidance. Holland v. Tennessee Coal, Iron & Railroad Co., 91 Ala. 444, 8 So. 524, 12 L.R.A. 232; Gentry v. Swann Chemical Co., supra; Alabama G. S. R. Co. v. Vail, supra.

The defendants pleaded the general issue, not guilty, and contributory negligence.

■ The evidence offered tended to support some of the counts of the complaint on which the case was tried. There was no positive evidence as to how the said intestate came in contact with the electric current, and there was a conflict in the evidence as to whether or not he was informed as to the danger incident to the work, and the amount of voltage passing over the wires leading across the gin shed. Whether the intestate fell against the uninsulated wires, walked against them, or whether the lack of sufficient clearance between the wires and the roof and intestate's standing or lying prone on the roof in performing his work caused the current to short circuit, or whether the contact was caused by accidentally striking the uninsulated wires with the tip of his hammer in driving nails into the ridge row which he was engaged in nailing, were all questions open to the consideration of the jury depending upon oral testimony. It was error, therefore, for the court to direct a verdict without leaving the credibility of the testimony to the jury. Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621.

It appears from the bill of exceptions that the trial court, after indorsing the affirmative charge requested by the defendants in writing "given," orally directed the jury, without leaving the jury box, to return a verdict for the defendants, and instructed one of the jurors to sign the verdict prepared by the court, which was done. The bill of exceptions then recites: *"to which charges, statements of the court and proceedings, the plaintiff then and there separately excepted."* (Italics supplied.)

The bill of exceptions presented to the trial judge within the time allowed by the statute was approved and signed by him on the 4th day of March, 1937, and thereafter the record for the appeal made up and duly certified was filed here on the 20th day of April, 1937, and the cause was submitted May 27, 1937, on briefs.

Thereafter, on motion of the appellees in the circuit court, that court proceeded to amend the bill of exceptions by striking therefrom the above-quoted exceptions, and the record and proceeding on that motion have been certified by the clerk and filed here and placed in the record in support of a motion to set aside the submission and make said supplementary · proceedings a part of the record.

Both parties have briefed the question, and have treated the motion as submitted for consideration, and we here proceed to examine the merits of the motion.

It appears from the face of the certified supplemental record that the court in proceeding to amend the bill of exceptions acted, not upon affirmative record evidence or quasi record evidence, but upon the admission of the party, the judge's personal recollection, and negative evidence afforded by the official court reporter's notes, in that said notes did not affirmatively show such exception.

■ It is familiar general principle of law that bills of exceptions are of statutory origin, and the authority to approve and authenticate, by his signature, the bill of exceptions in a particular case is vested in the trial judge and when he exercises the power, within the time allowed by law, the bill of exceptions so authenticated becomes a part of the record for the purposes of an appeal, and its recitals import absolute verity, and cannot be aided or impeached by extrinsic evidence in the court having jurisdiction of the appeal, or elsewhere. Ex parte Nelson & Kelly, 62 Ala. 376; Chapman v. Holding, 54 Ala. 61; Briggs v. Tennessee Coal, Iron & R. Co., 175 Ala. 130, 57 So. 882; State ex rel. Tate v. Powell, 184 Ala. 46, 63 So. 542;

668

Mauney v. Electric Construction Co., 210 Ala. 554, 98 So. 874.

■ To this rule there is a single exception. If through *clerical omission* an item of documentary evidence on file in the case, such as a deed, is not fully set out, or is incorrectly transcribed, the circuit court may, on proper motion and affirmative record or quasi record evidence, correct the *clerical error,* and cause the corrected document to be certified to the court having jurisdiction of the appeal. Holloway et al. v. Henderson Lumber Co., 194 Ala. 181, 69 So. 821.

■ The alleged error in the instant case does not fall within the exception, but is subject to the general rule, and the effort to correct the bill of exceptions is abortive and must be ignored.

Moreover, in the light of the testimony and the legitimate inferences which it affords, within the province of the jury, we are not of opinion that the defendants or either of them were entitled to the affirmative charge, which they requested in writing and which was indorsed "given" by the trial court.

For the error noted, the judgment of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.