191 So. 883

### Ex parte ALL STATES LIFE INS. CO.

### ALL STATES LIFE INS. CO. v. JOHNSON.

#### 4 Div. 119.

Supreme Court of Alabama.

Nov. 9, 1939.

Mizell & Pearson, of Andalusia, for petitioner.

PER CURIAM.

The bill of exceptions does not set out any part of the documents which ap-

pellant and movant seeks to have incorporated in the bill, nor does it appear from any recital in the bill of exceptions, or other record, or quasi record evidence, that it was appellant's purpose to set out said documents in said bill of exceptions when it was prepared, presented to the trial Judge and approved by him. The most that it shows is that said documents were offered in evidence by appellee, the plaintiff in the action, and made exhibit 1 to her testimony given on the trial.

In short, the appellant seeks to impeach its bill of exceptions which has been approved by the trial Judge, and substitute therefor one that has never been prepared or presented as required by the statute. This is not permissible. Hardy v. City of Dothan, 234 Ala. 664, 176 So. 449; Holloway et al. v. Henderson Lumber Co., 194 Ala. 181, 69 So. 821; Southern Wood Preserving Co. v. McCamey, 218 Ala. 201, 118 So. 393; Illinois Cent R. Co. v. Posey, 212 Ala. 10, 101 So. 644.

Therefore, aside from the fact that § 7860 of the Code authorizes an appeal from motion to amend records nunc pro tunc, the application for the issuance of this writ of mandamus must be denied and the petition dismissed. It is so ordered.

Application denied and petition dismissed.

ANDERSON, C. J., and THOMAS, BROWN, and FOSTER, JJ., concur.