326 So.2d 738
**Luttie S. JOHNSON**

v.

**MONTGOMERY BAPTIST HOSPITAL.**

**SC 1384.**

Supreme Court of Alabama.

Jan. 29, 1976.

Joe Espy, III, Montgomery, for appellee.

David B. Byrne, Jr., and Philip H. Butler, Montgomery, for appellant.

SHORES, Justice.

Mrs. Luttie Johnson filed suit against Montgomery Baptist Hospital charging it with negligence in attempting to move a patient with insufficient personnel, causing the patient to fall; and, that in breaking her fall, the patient grabbed the plaintiff causing her to fall, injuring her back. The gravamen of the complaint was that the hospital was negligent in attempting to move a patient with fewer people than was required for the patient's size and condition and, as a result, the patient grabbed onto the plaintiff.

The hospital filed a motion to dismiss, which was denied.

It then filed an answer denying the allegations of the complaint and charging plaintiff with contributory negligence and assumption of risk.

The case went to trial before a jury. At the conclusion of the plaintiff's evidence, the hospital requested the directed verdict, which the court granted. From the judgment entered in the hospital's favor, the plaintiff appealed.

There are two issues presented. The plaintiff first claims that the trial court erred in granting the hospital's motion for directed verdict. Next, the plaintiff claims the court erred in refusing to allow an amendment to her complaint.

■ It is without contradiction that if there is a scintilla of evidence adduced in support of the plaintiff's claim, it is error for the court to grant defendant's motion for directed verdict. The court reporter's notes in this case were destroyed by a storm. The parties have submitted the case on a stipulated statement of the testimony and proceedings which is set out in part:

"1. Witness Luttie S. Johnson.

"Luttie S. Johnson, the Plaintiff in the above styled cause, after being duly sworn, testified as follows:

"On or about the 3rd day of March, 1973, I was employed by Mrs. Ella Mae Mott as a registered private duty aide, while Mrs. Mott was hospitalized in Room 527 at Baptist Hospital in Montgomery, Alabama as a patient of Baptist Hospital.

"My duties pursuant to the employment with Mrs. Mott included giving the patient a bath, changing bed linens, delivering food trays, keeping the room neat, and making the patient comfortable. On occasion, I have worked seven days per week at the hospital as a private duty aide.

"Mrs. Mott was a very tall and heavy person. She had a broken hip and a broken arm, both of which were in casts on or about March 3, 1973.

"Mrs. Mott had to be moved from her bed to her chair and back from her chair to her bed periodically during the day and it usually took Mr. Perdue, who was an orderly employed by Baptist Hospital, and from three to four nurses to move Mrs. Mott due to her size and her condition.

"On or about March 3, 1973, the day that I was injured, Mrs. Mott had already been moved from the bed to a chair. Two nurses came in to try to move Mrs. Mott from the chair to the bed but they could not budge her. They left to get Mr. Perdue, the orderly. Mr. Perdue came into the room without the nurses and tried to move Mrs. Mott by himself. He went around to the back of Mrs. Mott's chair and put his hands under Mrs. Mott's arms and lifted her. I was very near Mrs. Mott because I had to put my foot against hers to keep her stocking feet from slipping on the floor. As Mr. Perdue was lifting Mrs. Mott onto the bed, he caused Mrs. Mott to reach out and grab me and pull me down onto the bed. Mrs. Mott pulling me down onto the bed caused the injury to my back and lower extremities.

"It appeared that Mrs. Mott was unstable while Mr. Perdue was moving her back onto the bed because she reached out and grabbed me; but, as far as actually falling any certain distance, I can't testify that she actually fell any certain distance.

"I never actually lifted Mrs. Mott while I was under her employment.

"Mr. Perdue stated that the same incident hurt his back also.

"Mrs. Mott apologized for pulling on me and hurting my back.

"The pain in my back and leg began to grow worse and on the same day, March 3, 1973, I went to the emergency room at Baptist Hospital and filled out a report on my injury.

"There had never been before this incident which caused my injury, less than three people moving Mrs. Mott while I was under her employment.

"Doctor Thomas Boozer admitted me in St. Margaret's Hospital on the same day that I was hurt for the treatment of my injuries.

"2. Witness Clifford R. Perdue called as a witness for the Plaintiff and after being duly sworn testified as follows:

"My name is Clifford R. Perdue and I was employed as an orderly working for Baptist Hospital of Montgomery, Alabama, on or about March 3, 1973. In performing my duties as an orderly for Baptist Hospital these duties were for the benefit of Baptist Hospital and under the direction of Baptist Hospital. My duties included giving baths, making beds, moving patients, catherization, and giving enemas.

"I remembered moving Mrs. Mott on March 3, 1973. And, I believe, that there were three persons, including myself, who moved Mrs. Mott on March 3, 1973.

"I didn't remember anything about March 3, 1973, except that Mr. Byrne told me thats when the accident occurred. I remembered us getting Mrs. Mott up on March 3, 1973 but did not remember putting her back in bed.

"I never attempted to move Mrs. Mott by myself.

"Mrs. Mott weighed around 230 to 240 pounds, had a fractured hip, one leg in a cast, and one arm in a cast, and had arthritis in her good leg.

"Mrs. Luttie Johnson would stand back while we lifted Mrs. Mott and when we got her up then Mrs. Johnson would make the bed.

"I found that Mrs. Johnson was always very careful with her patients and would often get upset if we did not come at just the time that she called.

"I don't remember Mrs. Johnson using her feet to block Mrs. Mott's feet while we were getting her up.

"Mrs. Johnson had told me before Mrs. Mott was her patient that she could not lift and pull patients because of her back.

"I don't remember whether I was working on both the 4th and 5th floors on March 3, 1973.

"I do not remember ever moving Mrs. Mott by myself and for one person to attempt to move a patient the size of Mrs. Mott, in her condition, would be a failure to use due care and would be unsafe."

■ Is there evidence here from which the jury could have concluded that the plaintiff was injured as a result of the negligence of the hospital? Clearly, there is. Mr. Perdue testified that it would be unsafe for one person to attempt to move a patient the size of Mrs. Mott. Mrs. Johnson testified that Mr. Perdue attempted to move her without any help; and that she was injured because the patient "grabbed" her and caused her to fall. It is true that Mr. Perdue said that he did not remember ever moving Mrs. Mott by himself, but Mrs. Johnson testified that he did attempt to move her. There was a clear conflict in the evidence in this respect.

"In civil cases, a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. *Myers v. Evans,* 287 Ala. 710, 255 So.2d 581; *Payne v. Jones,* 284 Ala. 196, 224 So.2d 230; *Alabama Power Co. v. Scholz,* 283 Ala. 232, 215 So.2d 447; *Lankford v. Mong,* 283 Ala. 24, 214 So.2d 301. . . ." *Kilcrease v. Harris,* 288 Ala. 245, 252, 259 So.2d 797 (1972).

The trial court erred in directing a verdict for the defendant hospital. Since there was at the least a scintilla of evidence in support of the plaintiff's theory, she was entitled to have the jury pass on it.

■ The plaintiff next contends that the trial court erred in not permitting an amendment to her complaint. The parties have stipulated that the following occurred at the close of the plaintiff's case:

"At the close of the plaintiff's case, the defendant moved the court for a directed verdict in favor of the defendant in the chambers of Judge D. W. Crosland.

"The grounds, among many, for the defendant[']s request for a directed verdict was that the plaintiff had alleged in her complaint:

" ' . . . the defendant was so negligent in attempting to move Ella Mae Mott from her bed with a smaller number of personnel than had been required and needed to move Ella Mae Mott on previous occasions as to cause Ella Mae Mott to fall, and in breaking her fall, to grab the plaintiff, causing the plaintiff to fall to the bed of Mrs. Mott, and as a proximate consequence the plaintiff was injured . . . '

"and that the plaintiff had not proved that Mrs. Mott actually fell.
" . . .

"The trial judge indicated he was going to grant the Motion for Directed Verdict due to an absence of evidence that Mrs. Mott actually fell . . . ."

The plaintiff then filed motion for leave to amend and offered the following amendment, which the court refused:

" ' . . . the defendant was so negligent in attempting to move Ella Mae Mott to her bed with insufficient personnel as to cause Ella Mae Mott, while Mrs. Mott was being moved, to grab the plaintiff causing the plaintiff to fall to the bed of Mrs. Mott, and as a proximate result and consequence of the negligence . . . by the defendant, plaintiff sustained . . . ' "

The plaintiff then moved the court for a continuance in order to allow the defendant

to prepare its defense to the amended complaint, since the defendant stated to the court that it was surprised by the "new facts" alleged in the plaintiff's offered amendment. This motion, too, was denied, and the court then directed a verdict in favor of the defendant.

Rule 15 of the Alabama Rules of Civil Procedure is reflective of the entire spirit of these rules. Like its Federal counterpart, the Alabama Rules of Civil Procedure:

> ". . . assign the pleadings the limited role of providing the parties with notice of the nature of the pleader's claim or defense and the transaction, event, or occurrence that has been called into question; . . . Thus, the strong policy against variance between pleading and proof that existed at common law . . . has been rejected." Wright & Miller, Federal Practice and Procedure: Civil § 1471 (1971).

In the instant case, the plaintiff filed a motion to amend her complaint after the trial court indicated that it would direct a verdict for the defendant, because the plaintiff had failed to prove that the patient actually fell, as alleged in the complaint. Rule 15(b), ARCP, provides:

> "(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires."

The plaintiff's original complaint in this case met the objective of the ARCP, in that it clearly provided the defendant with notice of the nature of the plaintiff's claim and set out the transaction, event or occurrence that was complained of. The issue raised by the pleadings was tried. No amendment was necessary to conform the pleadings to the proof. However, the plaintiff was clearly entitled to amend to conform to her proof, once the trial court indicated that it would direct the verdict for the defendant because of a variance between the pleading and the evidence. It was this harshness in the old practice that Rule 15 was designed to correct. Rule 15 provides that amendments are to be allowed freely when justice so requires. There is nothing in the record before us to indicate that the defendant was prejudiced in any way by the proffered amendment. Even so, the plaintiff offered a motion for a continuance to permit the defendant time to meet the allegations of the amended complaint. Under these circumstances, the trial court should have permitted the amendment.

For the reasons stated, the cause is reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.