This is an appeal from an order granting a directed verdict in favor of the defendants-appellees, Ben Shelton and Metal Reclamation, Inc., a corporation.
The plaintiff was an employee of Metal Reclamation, Inc. Other than defendant Ben Shelton, who is the president and general manager of the corporation, there are no other employees of Metal Reclamation, Inc. Therefore, the Workmen's Compensation Act, Title 26, §§ 253-325, Code, does not apply to this case.
Plaintiff sued the defendants claiming damages for injuries suffered by him during the course of his employment, which consisted of pouring molten metal into molds for mixture with other elements. The plaintiff testified that, during this process, hot zinc exploded back onto him, causing severe burns over his body.
The theory of plaintiff's claim is that the defendants were negligent in failing to give him any instructions on how to safely perform the task assigned to him; in failing to warn him of the dangers attendant to such duties; and in failing to provide protective clothing and shields. *Page 494 
Under the common law, an employer is under a duty to supply the employee with a reasonably safe place to work. WoodwardIron Co. v. Craig, 256 Ala. 37, 53 So.2d 586 (1951); Hardy v.City of Dothan, 234 Ala. 664, 176 So. 449 (1937). He is held to that degree of care which reasonable and prudent men exercise in their own affairs, or the care and diligence which a man of ordinary care and prudence would exercise for his own protection, or the protection of his property. Williams v.Anniston Electric Gas Co., 164 Ala. 84, 51 So. 585 (1909). Accordingly, it is the duty of the employer to exercise reasonable care to warn the employee of any risk of harm and to acquaint him with any dangerous features of the equipment, premises, or procedures with which he works. Gentry v. SwannChemical Co., 234 Ala. 313, 174 So. 530 (1937). This includes the duty to take reasonable steps, when viewed in relation to the degree of the risk, to guard against injury to the employee from that risk. Johnson v. Montgomery Baptist Hospital,295 Ala. 250, 326 So.2d 738 (1976).
In the instant case, the plaintiff testified that he was given no warning of the danger involved in pouring molten metal into molds, was not supplied with any protective clothing, and was not given any instructions about how to properly go about the work he was assigned to do. The accident occurred some two weeks after he was employed. He testified further that, after his injury, defendant Shelton was wearing protective shields while doing the same work being performed by the plaintiff when his injury occurred.
Mr. Shelton denied that the plaintiff was not given instructions about how to do the work. He also testified that face masks and protective clothing were offered to the plaintiff for his use while performing his duties. Thus, the evidence is in direct conflict on these issues.
This court has consistently held that, where there is conflicting evidence, it is the jury's function to pass on that evidence and any inference to be drawn therefrom; and that it is improper to direct a verdict for either side where conflict in the evidence exists. Loeb and Co., Inc. v. Martin, 295 Ala. 262, 327 So.2d 711 (1976). Here, the jury could either believe the evidence offered by the plaintiff or that offered by the defendants. It could not believe both, for it is completely contradictory; but, it is the jury's function to decide which to believe. Therefore, it was erroneous to direct a verdict in favor of the defendants.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.