Plaintiff James Alfred Barksdale claimed damages for both the tort of outrage and breach of contract. At the close of the plaintiff's case, the trial judge granted the defendant's motion for a directed verdict on both counts. We affirm the judgment based on the directed verdict.
Barksdale was employed by the St. Clair County Commission as a heavy equipment operator for over 13 years. He suffered several on-the-job injuries during the course of his employment and he received workmen's compensation benefits at various times. On December 12, 1984, Barksdale was injured again on the job and, as a result, appears to be totally disabled. Following this injury, Barksdale continued to receive full health benefits and workmen's compensation payments until March 1, 1985, at which time the health benefits were terminated by the Commission. Barksdale, alleging that this termination of benefits violated the provisions of the St. Clair County Employees Handbook "Handbook," sued for damages based on breach of contract and outrage.
We will first determine the standard of review to use on an appeal from a judgment based on a directed verdict. The granting of a directed verdict is not within the discretionary function of the trial court; thus, there is no presumption of correctness afforded such a ruling.
 "[I]f alleged error is properly preserved and presented on appeal, these rulings *Page 1390 
are subject to de novo review, i.e., a review without any presumption of correctness."
King Mines Resort, Inc. v. Malachi Mining Minerals, Inc.,518 So.2d 714, 716 (Ala. 1987). Bearing this standard in mind, we hold that the trial court correctly directed a verdict for the Commission, because Barksdale failed to present any factual support for the two theories under which he seeks recovery.
In support of his claim based on breach of contract, Barksdale relies on provisions contained in the Handbook. We agree that, in the appropriate case, language contained in an employee handbook can be sufficient to create a binding contract:
 "The existence of such a contract is determined by applying the following analysis to the facts of each case: First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration."
Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725, 735 (Ala. 1987).
Assuming that the Handbook did, in fact, create a contract, the next step is to examine the language of the Handbook to determine the terms of this contract. Section XI of the Handbook discusses the relationship between employee benefits and benefits under workmen's compensation:
 "1. Workmen's Compensation. In compliance with State Law, the County provides automatic cost coverage for any injury or sickness which an employee may sustain as a direct result of employment with the County. The coverage also provides for the continuation of a large portion of the employee's regular salary while the employee is disabled as a result of a job-related sickness or injury. While an employee is so disabled, earned sick leave may be coordinated (prorated) with workmen's compensation benefits to pay up to a maximum of the employee's regular salary. When accumulated sick leave benefits have been exhausted, the employee will receive only workmen's compensation benefits. Vacation (Road Department) and holidays falling while an employee is receiving workmen's compensation will be paid if there is earned sick leave to cover the day before and the day after the vacation period or holiday. Leave accumulation is suspended for the duration of time an employee is receiving workmen's compensation benefits."
This section continues, to discuss the insurance provided to full-time employees:
 "5. Health, Life and other Insurance. The County makes available life and accidental death insurance, health care and dental insurance to full-time employees in the classified service [Barksdale falls within this category]. Workmen's compensation insurance is also provided in accordance with the State of Alabama Compensation Law."
Barksdale contends that these two provisions, when read together, gave him a right to continue to receive full health benefits. We disagree. Even if these provisions do create a contract, as we will assume they do for the purposes of this review, they do not mandate that the Commission provide any benefits to Barksdale in the present situation. The record demonstrates that the Commission complied with any possible obligations it had as a result of the language contained in the Handbook. In fact, there was testimony to the effect that the Commission had actually provided more benefits to Barksdale than he was entitled to. Barksdale received full health benefits for over a year after he was disabled, and he continues to receive his workmen's compensation benefits. Testimony at trial showed that Barksdale was not treated differently from any other employee who filed for workmen's compensation. To the contrary, there was evidence to the effect that Barksdale had received benefits well in excess of those provided to other similarly situated employees. In any *Page 1391 
event, once Barksdale's sick leave and vacation time were exhausted, all he was entitled to receive was workmen's compensation, which he is currently receiving. Clearly, the Commission fulfilled any responsibilities it may have had under the Handbook; thus, there are no grounds for a breach of contract claim.
The claim based on the tort of outrage is also without merit. The tort of outrage has been recognized by this Court and defined as follows:
 "[W]e now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme."
American Road Service Co v. Inmon, 394 So.2d 361, 365 (Ala. 1981).
Applying this standard, we conclude that Barksdale has not shown any actions by the Commission that were so extreme or outrageous as to warrant liability; nor has he shown the type of severe injury necessary to recover under this tort theory. Additionally, the record does not provide any indication that the alleged distress suffered by Barksdale was so extreme that no reasonable person could be expected to endure it. Imposing liability in this case would not be reasonable and justified under the circumstances, particularly in light of Barksdale's failure to adequately allege any of the elements essential to a claim based on outrage. Therefore, the trial judge properly directed a verdict on this count.
There was no evidence presented that, if believed, would support a verdict for Barksdale on either claim. The judgment appealed from is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.