MADDOX, Justice.
This is an appeal from a judgment based on a directed verdict in favor of the defendant, International Paper Company, in a negligence action.
On August 14, 1985, Larry Agnew and Willie Lewis, employees of the Alabama State Docks Department, were unloading railroad boxcars containing goods shipped to the state docks at Mobile. One of the boxcars contained large, rolled paper shipped by International Paper Company from its plant located in Mansfield, Louisiana.[1] Some of the rolled paper was stacked vertically inside the boxcar. On the tops of those vertically stacked rolls of paper were other stacks of rolled paper that lay horizontally next to each other. *83 Those horizontally stacked rolls of paper were prevented from rolling across the tops of the vertically stacked paper by two metal strips that were fastened around the tops and bottoms of the horizontally stacked rolls of paper.
On the day the accident occurred, Agnew’s job was to cut the metal strips that bound the horizontally stacked rolls of paper, in order that Lewis, who was operating a clamp machine, could grasp the rolled paper and remove it from the boxcar. After Lewis had removed some of the vertically stacked rolled paper that did not have horizontally stacked rolled paper lying on top of it, Agnew entered the boxcar in order to cut the metal strips that bound the horizontally stacked paper. A person could usually cut those metal strips while standing on the exposed floor. Agnew testified that on the day of the accident, however, he could not cut the metal strips while standing on the floor because there were no pegs separating the metal strips from the rolled paper; and he testified that the absence of the pegs prevented him from cutting the metal strips in the customary manner.[2]
Agnew testified that because the pegs were absent, he had to climb on top of the vertically stacked rolled paper and that he walked toward the rear of the boxcar in order to locate a place where he could cut the metal strips without damaging the paper. Positioning himself between the rear of the boxcar and the last roll of horizontally laid paper, Agnew proceeded to cut the two metal strips. After he cut the first metal strip, he noticed that the horizontally laid rolls separated a few inches from each other. Nevertheless, he proceeded to cut the last metal strip, but, he stated, after he cut the last strip he saw the last horizontal roll of paper between him and the rear of the boxcar begin to roll toward him. Fearing that the rolled paper would crush him against the rear of the boxcar, he jumped down from the top of one of the vertically stacked rolls of paper and into a hole formed by a gap between the rear of the boxcar and one of the vertically laid rolls of paper. As a result of that jump, he sustained a fractured right ankle that he alleged resulted in a permanent impairment to his right foot.
During the jury trial, Agnew and International Paper Company presented testimony regarding the procedure used to unload stacks of rolled paper from a railroad boxcar. Specifically, the focus of the testimony concerned the particular procedure used by Agnew to cut the metal strips surrounding the horizontally laid rolls of paper. In response to Agnew’s complaint charging that International Paper Company was negligent in not providing pegs to separate the metal strips from the rolled paper, an omission that allegedly forced Agnew to climb atop the vertical stacks of rolled paper and later position himself between the last horizontal roll of paper and the rear of the boxcar in order to cut the metal strips, International Paper Company asserted in its answer that Agnew was contributorily negligent in choosing the particular method used by him to cut the metal strips. Later in the trial, the court permitted International Paper Company to amend its answer so as to include the added affirmative defense of assumption of the risk. After hearing the testimony presented before it, the trial court granted International Paper Company’s motion for a directed verdict, declaring both that Agnew was contributorily negligent and that he had assumed the risk of injury to himself, as a matter of law. Agnew now appeals from that judgment.
The standard of review on an appeal from a judgment based on a directed verdict was recently reiterated in Barksdale v. St. Clair County Comm’n, 540 So.2d 1389 (Ala.1989). In that case, this Court stated that the “granting of a directed verdict is not within the discretionary function of the trial court; thus, there is no presumption of correctness afforded such a ruling.” 540 So.2d at 1389. Furthermore, in Zaharavich v. Clingerman, 529 So.2d 978, 980 (Ala.1988), this Court stated that a defendant’s motion for a directed verdict cannot *84 be “granted if reasonable inferences in favor of the plaintiff’s claim can be drawn from the evidence or if there is any conflict in the evidence for resolution by the jury.” Finally, in Thomaston v. Thomaston, 468 So.2d 116, 119 (Ala.1985), this Court stated:
“The function of an appellate court in reviewing a motion for a directed verdict is to view the entire evidence, and all reasonable inferences which a jury might have drawn therefrom, in the light most favorable to the nonmoving party. Beloit Corp. v. Harrell, 339 So.2d 992 (Ala.1976); Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala.1981)
Upon examination of the record and the briefs in this case, we conclude that there was a conflict in the evidence regarding the appropriateness of the particular method used by Agnew to cut the metal strips surrounding the horizontally stacked rolls of paper; therefore, we cannot conclude, as did the trial court, that Agnew, as a matter of law, was contributorily negligent and also assumed the risk of injury to himself when he chose to climb to the top of the vertically stacked rolls of paper and proceeded to the rear of the boxcar in order to position himself between it and the last roll of horizontally stacked paper so that he could cut the metal strips. Because there is a conflict in the record regarding the appropriateness of that particular method used by Agnew, we conclude that a jury question was presented.
For the above-stated reasons, we hold that the trial court erred in directing a verdict for International Paper Company; therefore, the trial court’s judgment based on that verdict is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. In response to an interrogatory, International Paper Company admitted that the railroad boxcar contained 37 rolls of paper, each roll of paper being 4 feet, 2 inches in diameter and 6 feet tall and weighing approximately 2,000 to 3,000 pounds.

. The function of those pegs is to enable a person to cut the metal strips surrounding the rolled paper without damaging the rolled paper itself.