The sole question presented on this appeal, in an action by a grandson against his grandfather for damages for injuries he sustained while working on his grandfather's farm, is whether the trial judge properly directed a verdict for the grandfather on the ground that the plaintiff had failed to present substantial evidence that the defendant grandfather, as an employer, had failed to provide his grandson, as an employee, with a safe place to work, as required by the provisions of the Employer's Liability Act, Ala. Code 1975, § 25-6-1 et seq.
The case was being tried before a jury. At the close of the plaintiff's case, the defendant moved for a directed verdict. After hearing arguments from both sides, the trial court directed a verdict in favor of the defendant.
 FACTS
Plaintiff Joel McCord is the grandson of defendant Thomas McCord. Thomas McCord owned a dairy farm, on which he employed Joel. Joel's responsibilities included rounding up the cows each day at 4:30 a.m., milking them, and then cleaning the milking lot.
On or about April 5, 1989, while Joel was milking the cows a calf ran from the barn. To prevent the calf from returning to the pasture, Joel chased it. In his pursuit, he slipped on a downed fence rail and fell on an iron post, rupturing his spleen. His spleen was later removed.
Joel sued his grandfather, alleging negligent maintenance of the farm premises and negligent failure to warn of a dangerous condition. At the close of the plaintiff's evidence, the trial court directed a verdict for the defendant. *Page 1057 
 I
The legal issue presented is whether Joel presented substantial evidence from which the jury could find or infer that his employer grandfather had failed to provide a safe place to work and had thereby breached the duty required by law. See § 25-6-1 and Bellew v. Sloan, 536 So.2d 917 (Ala. 1988). In Bellew, that duty was stated as follows:
 " '[An employer must exercise] that degree of care which reasonable and prudent men exercise in their own affairs, or the care and diligence which a man of ordinary care and prudence would exercise for his own protection, or the protection of his property. Williams v. Anniston Electric Gas Co., 164 Ala. 84, 51 So. 385 (1909). . . . This includes the duty to take reasonable steps, when viewed in relation to the degree of the risk, to guard against injury to the employee from that risk. Johnson v. Montgomery Baptist Hospital, 295 Ala. 250, 326 So.2d 738 (1976).' "
536 So.2d at 919, (quoting Hill v. Metal Reclamation, Inc.,348 So.2d 493, 494 (Ala. 1977).
Whether to direct a verdict is not within the trial court's discretion, and on review in an appellate court there is no presumption of correctness afforded such a ruling.Barksdale v. St. Clair County Comm'n, 540 So.2d 1389
(Ala. 1989). Our function is to review the entire evidence, and all reasonable inferences that a jury might have drawn therefrom, in the light most favorable to the nonmoving party.Thomaston v. Thomaston, 468 So.2d 116, 119 (Ala. 1985). Furthermore, to satisfy the "substantial evidence test," the nonmoving party is required to present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. ofFla., 547 So.2d 870, 871 (Ala. 1989); Rowden v. Tomlinson,538 So.2d 15, 19 (Ala. 1988).
We have reviewed the evidence in light of that standard of review, and we find that the trial court erred in directing a verdict. The evidence presented by Joel shows that: (1) Thomas McCord knew that the fence rail located in the area where Joel was working had been knocked down; and (2) that Thomas McCord had neither repaired the fence nor warned Joel of its condition. In connection with our review, we have also examined the photographs that were introduced into evidence. We disagree with the trial judge's conclusion that there was no substantial evidence of the alleged breach of duty.
Although there is evidence that Joel was himself negligent in causing his injury, Thomas McCord did not base his motion for directed verdict on the defense of contributory negligence. We acknowledge that contributory negligence is a defense under the Employer's Liability Act, as well as under the common law,Parham v. Taylor, 402 So.2d 884 (Ala. 1981); Brown v.Piggly-Wiggly Stores, 454 So.2d 1370 (Ala. 1984); and that contributory negligence may sometimes be found as a matter of law. In the majority of cases, however, questions of contributory negligence rest upon the facts or inferences from facts that are within the province of the factfinder to draw.Lewis v. Sears, Roebuck Co., 512 So.2d 712 (Ala. 1987). With regard to this case, we believe that any issue of contributory negligence would be for the jury.
For the foregoing reasons, we hold that Joel McCord presented substantial evidence that Thomas McCord failed to provide a safe place for Joel to work. Therefore, we reverse the judgment based on the directed verdict and remand the cause for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, HOUSTON, STEAGALL, and KENNEDY, JJ., concur. *Page 1058