ALMON, Justice.
Willie J. Gordon, Jr., appeals from the trial court’s entry of summary judgment in favor of defendants Lillie May Davis and Johnnie Davis in this action for damages based on personal injuries that Gordon sustained while using a chain saw to cut a limb off a tree in the Davises’ yard.
Initially, we note that the Davises have argued that Gordon’s entire deposition was not before the trial court when it ruled on their summary judgment motion, and, thus, that the deposition cannot be considered as evidence on appeal. How *894 ever, Gordon complied with the applicable local rule by filing notice of his intent to rely on the entire deposition and by making Gordon’s entire deposition available to the court at the hearing on the Davises’ motion for summary judgment.[1] Thus, that deposition was before the trial court when it made its determination that summary judgment should be entered, and this Court must therefore consider that evidence in reviewing the judgment of the trial court.
The following statement of facts views the evidence in the light most favorable to the non-moving party. See Rule 56, Ala. R.Civ.P.; Pittman v. Gattis, 534 So.2d 293, 294 (Ala.1988).
Willie Gordon is a 25-year-old man who lives with his mother in Prichard, Alabama. Gordon attended “special education” classes and has received his high school diploma. He has been employed primarily as a dishwasher and busboy in various restaurants, but has also been employed as a loader of trucks, as a watchman for an oil company, and as a grounds keeper for an apartment complex. The only experience that Gordon had in using a chain saw came when he helped his father and brother cut two limbs out of a tree in their own backyard in 1979.
Lillie May and Johnnie Davis live a few houses down the street from Gordon. On November 22, 1989, the Davises’ grandson Joseph came to Gordon’s house and asked if his grandmother could borrow an ax to cut a small limb out of a tree. Joseph also told Gordon that his grandmother wanted to know if Gordon could help trim the tree.[2] When Joseph and Gordon arrived at the Davises’ house, Mrs. Davis pointed out the limb that she wanted cut. However, it was determined that the limb was too large to cut with an ax, so Mrs. Davis, Joseph, and Gordon traveled to Chickasaw, Alabama, and there Mrs. Davis rented a chain saw.
After they returned to the Davises’ house, Gordon went to his house and got a rope. He suggested to Mrs. Davis that they tie the rope to the limb that was being cut so that they could control the direction in which the limb fell. However, Mrs. Davis rejected Gordon’s suggestion and told him that they did not need to use a rope. Joseph climbed up in the tree and cut the limb. Joseph then left to get more fuel for the chain saw and Mrs. Davis directed Gordon to cut up the limb that Joseph had removed from the tree. When Joseph returned, Mrs. Davis pointed out another limb that she wanted cut and instructed Gordon to cut it. Joseph showed Gordon how to crank the chain saw, and Mrs. Davis told Gordon where to stand in the tree and where to cut the limb. Following instructions from Mrs. Davis and Joseph, Gordon climbed up in the tree and began cutting the limb. When he had cut partially through the limb, it broke off and hit him, injuring his leg.
Subsequently, Gordon filed a three-count complaint against the defendants, Lillie May Davis and Johnnie Davis. Count one alleged that the Davises and/or their agent had negligently and/or wantonly supervised Gordon; count two alleged that the Davises had failed to provide Gordon with a safe place to work; and count three, *895 brought under Ala.Code 1975, § 25-6-1, alleged negligent and/or wanton supervision and instruction by the Davises and/or their agents. The Davises moved for summary judgment, contending that Gordon was an independent contractor. In its order granting their motion and entering summary judgment, the trial court held that the “[defendants owed no legal duty to the [pjlaintiff.”
In reviewing the summary judgment, we must determine whether the trial court erred in holding, as a matter of law, that Gordon was an independent contractor to whom the Davises owed no duty of care.
“The general rule regarding the duty owed by premises owners to independent contractors and their employees is settled:
“ ‘[A] premises owner owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract. “The general rule does not apply, however, if the premises owner retains or reserves the right to control the manner in which the independent contractor performs its work.” Thompson v. City of Bayou La Batre, 399 So.2d [292] at 294 [Ala.1981]; Hughes v. Hughes, 367 So.2d [1384] at 1386 [Ala.1979]. “When the right of control is reserved, the relationship changes from one of premises owner and independent contractor to that of master and servant.” 399 So.2d at 294.
“ ‘A master-servant relationship is not created, however, when the owner merely retains the right to supervise or inspect work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications, and retains the right to stop work that is not properly done. Pate v. United States Steel Corp., 393 So.2d [992] at 995 [Ala.1981].’ ”
Tittle v. Alabama Power Co., 570 So.2d 601, 603 (Ala.1990), quoting Weeks v. Alabama Electric Cooperative, Inc., 419 So.2d 1381, 1383 (Ala.1982).
If the right of control has been reserved, however, the relationship is that of master and servant, or employer and employee.
“Under the common law, an employer is under a duty to supply the employee with a reasonably safe place to work. Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586 (1951); Hardy v. City of Dothan, 234 Ala. 664, 176 So. 449 (1937). He is held to that degree of care which reasonable and prudent men exercise in their own affairs, or the care and diligence which a man of ordinary care and prudence would exercise for his own protection, or the protection of his property. Williams v. Anniston Electric & Gas Co., 164 Ala. 84, 51 So. 385 (1909). Accordingly, it is the duty of the employer to exercise reasonable care to warn the employee of any risk of harm and to acquaint him with any dangerous features of the equipment, premises, or procedures with which he works. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937). This includes the duty to take reasonable steps, when viewed in relation to the degree of the risk, to guard against injury to the employee from that risk. Johnson v. Montgomery Baptist Hospital, 295 Ala. 250, 326 So.2d 738 (1976).”
Hill v. Metal Reclamation, Inc., 348 So.2d 493, 494 (Ala.1977).
After resolving all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party, as we are required to do, Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990), we hold that the trial court erred in holding, as a matter of law, that Gordon was an independent contractor to whom the Davises owed no duty of care. The record contains evidence that Mrs. Davis not only reserved or retained the right to control the manner in which Gordon cut the limb out of the tree, but actually did control the manner in which Gordon cut the limb. Specifically, the record indicates that Mrs. Davis provided and paid for the chain saw that she instructed Gordon to use; that she instructed Gordon on where to stand in the tree when he cut the limb; *896 and that she rejected Gordon’s suggestion that they tie a rope to the limb to control the direction of its fall.
The Davises rely on the case of Pruitt v. Elliott, 460 So.2d 1275 (Ala.1984), as support for their argument that Gordon was an independent contractor rather than an employee. However, in that case the Court did not reach the question of whether Pruitt was an independent contractor or an employee, because Pruitt’s evidence demonstrated a lack of proximate cause. Pruitt alleged that the Elliotts had injured him by failing to provide a safe place to work, specifically, by providing a defective ladder. Pruitt himself testified that he lost his balance while dodging a falling limb, and it was undisputed that the ladder remained standing. Thus, the Court did not address the question of the Elliotts’ duty, and Pruitt v. Elliott does not support the Davises’ position in this case.
For the reasons stated above, the judgment in favor of the Davises[3] is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, . STEAGALL and INGRAM, JJ„ concur.

. The applicable local rule provides in pertinent part as follows:
"EXCEPTIONAL PROCEDURE FOR FILING DEPOSITIONS RELATING TO MOTIONS FOR SUMMARY JUDGMENT. Any party intending to rely on a deposition ... in support of or opposition to a motion for summary judgment shall attach a copy of the cover page of the deposition to the motion for summary judgment, response thereto, or other document submitting materials, shall file the same with the clerk, and shall serve copies on all parties or counsel.... The filing of the motion, response, or related document with the attached cover page of the deposition shall constitute the filing of the deposition. “The party filing the deposition shall maintain custody of the original or duplicate original, shall allow opposing parties or counsel to inspect or to copy it at all reasonable times, and, in the event of an appeal, shall provide the deposition to the Circuit Clerk for inclusion in the record on appeal if it be designated for inclusion. A party filing a deposition shall make it available to the judge at the time and place of the hearing on the motion for summary judgment.”

. Gordon testified in his deposition that Mrs. Davis had paid him on prior occasions to do yard work for her, but he did not directly state that Mrs. Davis offered to pay him for cutting the limb on this occasion.

. Because Gordon has stated a claim against Mr. Davis based on agency, and because the Davises do not argue any separate basis for affirming the summary judgment in favor of Mr. Davis, we reverse the entire judgment.